Company, Inc., Appellant. — Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Carswell, Scudder and Tompkins, JJ.

William Hinzman, Appellant, v. Marjorie Hinzman, Respondent.— Order in so far as it denies motion to modify the award of alimony reversed on the law and the facts, without costs, and motion granted to the extent of reducing the alimony to eight dollars a week; the trial to be stayed until all arrears and alimony to date of trial shall have been paid. We believe the reduction is warranted in view of plaintiff's financial condition as disclosed by the record. Lazansky, P. J., Young, Carswell, Scudder and Tompkins, JJ., concur.

Inter-County Title Guaranty and Mortgage Company, Appellant, v. William J. Brown, Respondent. William J. Brown, Respondent, v. Inter-County Title Guaranty and Mortgage Company, Appellant.— Judgment of the County Court of Nassau county reversed on the law and a new trial ordered, costs to appellant to abide the event. In our opinion, the trial court committed prejudicial error in refusing to charge the jury as requested by the appellant at folios 376–381 and 384–388. Young, Scudder and Tompkins, JJ., concur; Lazansky, P. J., and Carswell, J., concur in result.

In the Matter of the Application of Fred. C. Baggs, Appellant, against Henry L. Connell, Temporary Chairman, and Others, Constituting All the Members of the Board of Standards and Appeals of the City of New York, Respondents, and Tennis Place Homes Co., Inc., Intervenor, Respondent.— Order quashing certiorari order, dismissing petition and confirming determination of the board of standards and appeals unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Kapper, Hagarty, Scudder and Davis, JJ.

In the Matter of the Application of Meyer Chizner, Respondent, against William E. Walsh and Others, Constituting the Board of Standards and Appeals of the City of New York, Appellants.— Order sustaining certiorari order and annulling the determination of the board of standards and appeals reversed on the law and the facts, with costs, certiorari proceeding dismissed, and the determination reinstated and confirmed. In our opinion the record does not establish that the site, if devoted to conforming uses, would not yield a fair or proper return on the investment. The board of standards and appeals had a discretionary duty in the matter and there is no warrant in the record to ascribe to it an arbitrary determination. The mere fact that variances were granted in other instances in the locality " affords no valid reason " for insisting on a variance in the present case. (People ex rel. Werner v. Walsh, 212 App. Div. 635; affd., 240 N. Y. 689.) (See, also, Matter of Goldenberg v. Walsh, 215 App. Div. 396, at p. 401; revd., on dissenting opinion, in 242 N. Y. 576.) Lazansky, P. J., Kapper, Hagarty, Scudder and Davis, JJ., concur.

In the Matter of the Application of The City of New York Relative to Acquiring Title Wherever the Same Has Not Been Heretofore Acquired for the Purpose of Establishing Thereon a Public Beach to All Land and Land under Water Not Heretofore Acquired by the City of New York for Park Purposes, Extending from Jacob Riis Park to the Westerly Line of Beach Second Street, Far Rockaway, in the Borough of Queens, City of New York, Laid Out as a Public Beach upon the Map or Plan, City of New York, by Resolution Adopted by the Board of Estimate and Apportionment of the City of New York, February 29, 1924, and May 20, 1926. Fred M. Ahern, Permanent Receiver, Appellant; Trust

Company of North America and Elizabeth C. Barton, Respondents.—Appeal discontinued on consent. Present — Lazansky, P. J., Young, Kapper, Carswell and Tompkins, JJ.

In the Matter of the Application of The City of New York, Acting by and Through the Commissioner of Docks, Relative to Acquiring Right and Title to and Possession of Certain Lands, Lands under Water, etc., Together with the Riparian, Franchise and Incorporeal Rights Appurtenant to Such Lands Situated Along the Northerly Shore of Jamaica Bay, etc., between Byrne Place, Borough of Brooklyn, and Long Island Railroad, Borough of Queens, for the Improvement of the Waterfront of the City of New York, etc. Parcels 4 to 9, Inclusive. Frederick C. Schepperle and Others, Appellants; The City of New York, Respondent.— Final decree so far as it relates to damage parcels 22, 24 and 25 of parcel 8, unanimously affirmed. In so far as it relates to damage parcels 2, 3, 4, 5, 6, 10, 11 and 14 of parcel 8; the foreshore or lowlands in parcels 6, 7 and 8; and the lands in Sand Bay creek and unnamed creek emptying therein in parcel 6, it is reversed on the law and the facts, with costs, and the matter remitted to the Special Term to award damages. (1) The claimants were entitled to damages for the appropriation of riparian rights in the above-enumerated parcels in parcel 8 adjacent to Fresh creek. (Matter of City of New York [Jamaica Bay], 256 N. Y. 382, 388, 391.) (2) The claimants are entitled to compensation for the taking of the lowlands or foreshore in parcels 6, 7 and 8 in so far as they establish or have established title thereto under colonial grants containing language of the character and scope held to have that effect in Best Renting Co. v. City of New York (248 N. Y. 491) and Appleby v. City of New York (271 U. S. 364). (3) The claimants were entitled to damages for the appropriation of the land under water of Sand Bay creek and the unnamed creek tributary thereto in parcel 6 in so far as that title was established in them in the Torrens law proceeding and by colonial grants. (Appleby v. City of New York, supra.) (4) If the title to any portion of the foregoing parcels is not satisfactorily established in the claimants, but is satisfactorily established to not be in the city of New York, prior to the grant by the State to the city of its lands under water, the award may be made to an unknown owner and the ownership thereof determined in an appropriate proceeding confined to that purpose. The colonial grants involved in Matter of City of New York (Jamica Bay) (supra) did not vest ownership of the lowlands or of the bed of creeks in the upland owners. That grant contained no reference to marshes or beaches. Hence what is said in that case with respect to the title of the city of New York in lands under water in Jamaica bay is not decisive of the rights of the claimants in this case under differently worded colonial grants. (5) The language of Matter of City of New York (Jamaica Bay) (256 N. Y. 382, 389) in relation to creeks, kills and waterways that are crossed and closed by the marginal street and thus do not give rise to a right to compensation for destruction of riparian rights, bars compensation for the destruction of such riparian rights in respect to damage parcels 22, 24, 25 in parcel 8, as the upland owners here, as in the parcel 10 proceeding, do not hold under a grant that gives them any title to the bed of the creek, in this case " Second Creek." Therefore, the rule of non-compensation relating to creeks that are crossed and closed by the marginal street applies. (Matter of City of New York [Jamaica Bay], supra.) Lazansky, P. J., Young, Carswell, Scudder and Tompkins, JJ., concur. Settle order on notice.